NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR SENGEL and CENGIZ SENGEL,<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 5:19-cv-02198<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes BAHAR SENGEL ("Bahar") and CENGIZ SENGEL ("Cengiz") (collectivity, "Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiffs are consumers over the age of 18 residing in Riverside County, California, which is located within the Central District of California.

5. Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the

State of California. Defendant was founded in 1996 and is one of the nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon two consumer debts which Bahar owed to Citibank, N.A. and Cengiz owed to Synchrony Bank ("subject consumer debts").

8. In 2018, Plaintiffs began receiving calls to their cellular phones, (951) XXX-6929, and (951) XXX-1490, from Defendant.

9. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones ending in -6929 and -1490. Plaintiffs are and have always been financially responsible for the cellular phones and their services.

10. Defendant has used several phone numbers when placing collection calls to Plaintiffs' cellular phones, including but not limited to: (410) 390-4079; (312) 386-7439; (754) 200-7588; (816) 607-5273; (682) 202-7107; (360) 268-8080; (951) 253-

---

[1] https://www.portfoliorecovery.com/?gclid=EAIaIQobChMI7Pvgj4KD2gIVHLjACh11MAX3EAAYASAAEgL3PvD_BwE

3

1269; (615) 800-6830; (817) 769-4709; (281) 643-6043; (205) 341-1134; (312) 386-7439; (866) 323-1214; (866) 429-3671 and (682) 202-7107.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Upon answering phone calls from Defendant, Plaintiffs have experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

13. Defendant's persistent contacts prompted Plaintiffs to answer its calls and demand that Defendant stop contacting their cellular phones.

14. Despite Plaintiffs' demands, Defendant continued to place phone calls to Plaintiffs' cellular phones seeking collection of the subject consumer debts.

15. Plaintiffs have received not less than 15 phone calls from Defendant since asking it to stop calling.

16. Frustrated over Defendant's conduct, Plaintiffs spoke with Wajda regarding their rights, resulting in expenses.

17. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of

their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as though full set forth herein.

20. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1997.[2]

23. The subject consumer debts are "debts" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1) and §1692d**

---

[2] https://www.acainternational.org/search#memberdirectory

5

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Defendant called Plaintiffs at least 15 times after they demanded that it stop calling. This repeated behavior of systematically calling Plaintiffs' cellular phones in spite of their demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

26. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

**b. Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

6

29. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debts. In spite of the fact that Plaintiffs demanded that it stop contacting them, Defendant continued to contact them via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiffs' cellular phones in a deceptive attempt to force them to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs at least 15 times after being notified to stop. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

32. As pled in paragraphs 16 through 18, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, BAHAR SENGEL and CENGIZ SENGEL, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiffs restate and reallege paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

35. The subject consumer debts are "debt[s]" and "consumer debt[s]" as defined by Cal. Civ. Code § 1788.2(d) and (f).

36. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

8

37. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

38. As outlined above, through its continuous attempts to collect upon the subject consumer debt, Defendant violated Cal. Civ. Code § 1788.17 and 15 U.S.C. §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiffs through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phones. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones using an automated system absent their consent. Such lawful ability was revoked upon Plaintiffs demanding that Defendant stop calling their cellular phones, illustrating the deceptive nature of Defendant's conduct.

39. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiffs statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiffs, BAHAR SENGEL and CENGIZ SENGEL, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs to seek payment of the subject consumer debts; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: November 15, 2019                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com