Nathan A. Searles (SBN 234315)
Nathan.Searles@PRAGroup.com
PRA Group Inc.
130 Corporate Boulevard
Norfolk, VA  23502
(757) 519-9300, Ext 13206
(757) 321-2518 (fax)

Attorney for Defendant
Portfolio Recovery Associates, LLC

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR SENGEL AND CENGIZ SENGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　Defendants. | Case No. 5:19-cv-02198-DSF-SHK<br><br>**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

1   Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, for its answer and defenses to Plaintiffs' Complaint ("Complaint"), states:

2.  1. PRA admits that Plaintiff purports to bring this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* and the California Rosenthal Act (RFDCPA), Civil Code § 1788 *et seq.* To the extent a response is required, PRA denies it has violated the FDCPA and/or the RFDCPA.

3.  2. PRA admits that Plaintiff purports that jurisdiction is proper in this Court. PRA denies it has violated the FDCPA and/or the RFDCPA.

4.  3. PRA admits that Plaintiff purports that venue is proper in this Court. To the extent not herein admitted the remaining allegations of this paragraph are denied.

5.  4. PRA states that it lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the Plaintiffs are "consumers" as that term is defined under defined under the FDCPA and/or the RFDCPA. PRA further states that it lacks information or knowledge sufficient to form a belief as to whether the Plaintiffs reside in Riverside County.

6.  5. PRA admits that at times it has sought to collect unpaid financial obligations owed by individuals in California. PRA further admits that it is a Delaware limited liability company. PRA further states that it lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that it is a "debt collector" as that term is defined under defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

7.  6. PRA admits that as a limited liability company it can only act through its agents and only as long as they act within the scope of their authority. To the extent not herein admitted the remaining allegations of this paragraph are denied.

8.  7. PRA states that it lacks information or knowledge sufficient to form a

belief as to whether the obligations at issue in this case were incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the obligations are "consumer debts" as that term is defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

8. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 8.

9. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 9.

10. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 10.

11. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 11.

12. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 12.

13. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 13.

14. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 14.  PRA further states that it lacks information or knowledge sufficient to form a belief as to whether the obligations at issue in this case were incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the obligations are "consumer debts" as that term is defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

15. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 15.

16. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 16.

17. Denied.

18. PRA states that it lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 18.

19. PRA repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. PRA states that it lacks information or knowledge sufficient to form a belief as to whether the obligations at issue in this case were incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the plaintiffs are "consumers" as that term is defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

21. PRA states that it lacks information or knowledge sufficient to form a belief as to whether the obligations at issue in this case were incurred primarily for personal, family or household use, and therefore can neither admit nor deny that the it is a "debt collector" as that term is defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

22. PRA admits that at times it has sought to collect unpaid financial obligations owed by individuals in California. PRA further states that it lacks information or knowledge sufficient to form a belief as to whether the obligation at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that it is a "debt collector" as that term is defined under defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are denied.

23. PRA states that it lacks information or knowledge sufficient to form a belief as to whether the obligations at issue in this case was incurred primarily for personal, family or household use, and therefore can neither admit nor deny that they are "debts" as that term is defined under defined under the FDCPA and the RFDCPA. To the extent not herein admitted the remaining allegations of this paragraph are

denied.

24. The allegations in paragraph 24 are legal conclusions to which no response is required by PRA.

25. Denied.

26. Denied.

27. The allegations in paragraph 27 are legal conclusions to which no response is required by PRA.

28. The allegations in paragraph 28 are legal conclusions to which no response is required by PRA.

29. Denied.

30. The allegations in paragraph 30 are legal conclusions to which no response is required by PRA.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, PRA acted in good faith and complied fully with the FDCPA and RFDCPA.

///

///

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiffs' claims under the FDCAP and RFDCPA fail to the extent any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair and Conscionable Means)

Plaintiffs' claims fail to the extent the means employed by PRA to collect the debts at issue were fair and conscionable.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiffs' claims fail to the extent Plaintiffs' purported damages, which PRA continues to deny, were the direct and proximate result of the conduct of Plaintiffs or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

Plaintiffs' claims against PRA fail to the extent that Plaintiffs seeks to hold PRA liable, vicariously or otherwise, for the acts or omissions of others.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Authorization)

Plaintiffs' claims fail to the extent PRA's actions were authorized by the terms of the underlying agreement(s) creating the debt(s).

///

///

## NINTH AFFIRMATIVE DEFENSE
## (Damages)

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against PRA, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. PRA is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TENTH AFFIRMATIVE DEFENSE
## (Statutory Damages)

Plaintiffs cannot recover from PRA individually for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

WHEREFORE, PRA prays that Plaintiffs take nothing by way of their Complaint; for costs of this action, and all other proper relief.

///
///
///

| | | |
|---|---|---|
| 1 | Dated:  January 16, 2020 | Respectfully submitted, |
| 2 | | PORTFOLIO RECOVERY ASSOCIATES, LLC |

<u>*/s/ Nathan A. Searles*</u>
Nathan A. Searles (SBN 234315)
Nathan.Searles@PRAGroup.com
PRA Group Inc.
130 Corporate Boulevard
Norfolk, VA  23502
(757) 519-9300, Ext 13206
(757) 321-2518 (fax)

Attorney for Defendant
Portfolio Recovery Associates, LLC

# **PROOF OF SERVICE**

I am over the age of 18 and not a party to this action. My business address is: 140 Corporate Boulevard, Norfolk, Virginia 23502.

On January 15, 2020, I served true copies of the following document(s), with all exhibits and attachments (if any):

**Defendant Portfolio Recovery Associates, LLC's Answer and Affirmative Defenses**

☒ Via ECF notification:

NICHOLAS M. WAJDA
nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Attorney for Plaintiffs

I am readily familiar with the company's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 15, 2020, at Norfolk, Virginia.

_____
Sonia Gomez, Paralegal
PRA Group