**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAHAR SENGEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | Case No.  5:19-cv-02198-DSF-SHK <br><br> **JOINT RULE 26(f) REPORT** |

**a.** **Statement of the case:** Plaintiffs allege that Defendant engaged in harassing, deceptive, misleading, and unfair behavior in an attempt to collect on a default consumer debt from them in violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788. As such, Plaintiff are seeking statutory and actual damages from Defendant as well as payment of their reasonable attorney fees and costs associated with brining this action.

Defendant denies that any of its actions violated the FDCPA and RFDCPA. Plaintiffs continue to owe Defendant on unpaid financial obligations which were assigned to Defendant.

**b.** **Subject Matter Jurisdiction:** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**c.** **Legal issues:** Whether Defendant's conduct was harassing, misleading, and deceptive

1

under the FDCPA and RFDCPA?

d. **Parties, Evidence, etc.:**

- **Parties:** Plaintiffs, Bahar and Cengiz Sengel; Defendant, Portfolio Recovery Associates, LLC

- **Witnesses**: The parties; the originator(s) of the unpaid account(s) that Defendant was seeking recovery from the Plaintiffs

- **Evidence**: Plaintiffs' telephone records and billing statements; expense and records of interactions between Plaintiffs and their attorneys; mental and physical health records of Plaintiffs; physical cell phones of Plaintiffs; all data of Plaintiff's cell phones from date of first use to present; Defendant's files for each Plaintiff and their account(s); acquisition documents; call recordings; account notes; call logs

e. **Damages:** As result of Defendant's alleged violation(s) of 15 U.S.C. § 1692 et al., Plaintiffs are seeking any actual damage sustained; statutory damages; and the costs of the action, together with reasonable attorney's fees as determined by the Court.

Defendant will seek its costs and attorney fees should it prevail.

f. **Insurance:** There is no applicable insurance which would cover the Plaintiffs. Defendant is not seeking coverage by its insurer.

g. **Motions:** None.

h. **Manual for Complex Litigation:** None.

i. **Status of Discovery:** None.  The parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before March 16, 2020.

j. **Discovery Plan:**

(i) what, if any, changes in the disclosures under Rule 26(a) should be made;

None.

    **(ii)    the subjects on which discovery may be needed;**

The parties anticipate that discovery may be needed on the following subject(s): Defendant's records for Plaintiffs' accounts; Defendant's policies and procedures; and Plaintiffs' damages.

    **(iii)    whether discovery should be conducted in phases or otherwise be limited;**

The parties do not believe that discovery should be conducted in phases or otherwise be limited.

    **(iv)    whether applicable limitations should be changed or other limitations imposed;**

None.

    **(v)    whether the Court should enter other orders;**

None.

**k.** **Discovery Cut-Off:** September 18, 2020.

**l.** **Expert Discovery:** The parties do not believe that expert discovery will be required.

**m.** **Dispositive Motions:** Plaintiffs do not anticipate seeking a dispositive motion at this time. Defendant intends to bring Motion for Summary Judgment after conclusion of discovery.

**n.** **Settlement/Alternative Dispute Resolution (ADR):** The parties have engaged in informal settlement discussions. The parties select Local Rule 16-15.4 ADR Procedure No. 2, appearance before a neutral from the Court Mediation Panel. ADR should occur no later than 90 days before the Final Pretrial Conference.

**o.** **Trial Estimate:** 1 to 2 days.

**p.** **Trial Counsel:**

FOR PLAINTIFF                              FOR DEFENDANT

Nicholas M. Wajda                         Nathan A. Searles

**q.** **Independent Expert or Master:** None.

| | |
|---|---|
| 1 | **r.**     **Timetable:** *See* Exhibit A attached. |
| 2 | **s.**     **Other issues:** None. |

DATED this 2nd day of March, 2020      Respectfully submitted,

FOR PLAINTIFF                                  FOR DEFENDANT

*/s/ Nicholas M. Wajda*                    /s/ Nathan A. Searles

Nicholas M. Wajda (State Bar No. 259178)    Nathan A. Searles (SBN 234315)
6167 Bristol Parkway                           PRA Group Inc.
Suite 200                                            130 Corporate Boulevard
Culver City, California 90230                 Norfolk, VA  23502
Telephone: 310-997-0471                     (757) 519-9300, Ext 13206
Facsimile: 866-286-8433                      (757) 321-2518 (fax)
E-Mail: nick@wajdalawgroup.com        Nathan.Searles@PRAGroup.com
*Attorney for Plaintiff*                               *Attorney for Defendant*